UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HAVILAND,<br>Plaintiff,<br>v.<br>ROKT US CORP.,<br>Defendant. | No. 2:26-cv-00582-DJC-AC<br><br>ORDER |

Plaintiff Elizabeth Haviland filed this case as a class action against Rokt US Corp., alleging that Defendant installed software on its website which transmitted her and other site visitors' browsing data to third-party "Data Brokers" in violation of the California Invasion of Privacy Act ("CIPA"). Defendant now moves to stay the proceedings pending a forthcoming decision from the California Court of Appeals in a separate case, which Defendant asserts may clarify whether the CIPA provision at issue here applies to internet data collection and transmission practices similar to those alleged by Plaintiff. For the reasons stated below, the Court grants Defendant's Motion for a stay of the proceedings (ECF No. 23).

**INTRODUCTION**

Plaintiff and putative class members allege that Defendant has violated California Penal Code section 638.51 by installing and using Data Broker Software

Development Kits ("DBSDKs") on their website, which allegedly track and transmit visitors' browsing information to third parties. (SAC (ECF No. 20) at ¶ 77.) Section 638.51, in relevant part, makes it illegal to install or use a "trap and trace device" without a court order. Cal. Penal Code § 638.51(a). Plaintiff alleges that the DBSDKs on Defendant's website function as "trap and trace device[s]," as defined by CIPA section 638.50(c)[1]. (*See* SAC at ¶ 77.) Defendant, however, disputes as a matter of law that section 638.51 applies to the type of internet tracking software at issue in this case. (Mot. to Dismiss (ECF No. 23) at 26.)

Defendant has moved for a stay of these proceedings pending a decision from the California Court of Appeals in *Variety Media, LLC v. Superior Court*, No. B350578 (Cal. Ct. App. Nov. 21, 2025), another putative CIPA class action concerning internet browser tracking software, in which plaintiffs have asked the California Court of Appeals to rule on whether section 638.51 "applies to routine, ubiquitous software processes implemented by virtually all commercial websites?" (Defendant's RJN (ECF No. 24), Ex. 2 at 16.)[2]

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings…bear[s] upon

---

[1] CIPA defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c).

[2] Courts may "take judicial notice of state court opinions and briefs filed in those proceedings." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1320 (S.D. Cal. 2014), *aff'd,* 816 F. 3d 1170 (9th Cir. 2016). Accordingly, the Court takes judicial notice of the Petition for Writ of Mandate filed in *Variety Media, LLC v. Superior Court*, No. B350578 (Cal. Ct. App. Nov. 21, 2025).

the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. The *Landis* factors guide the analysis of when a stay is appropriate and include: (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; and (3) the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Whether a stay serves the orderly course of justice may be measured, in part, by the likelihood that the stay results in "the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## DISCUSSION

This case hinges on whether section 638.51 applies to internet technology like the DBSDKs at issue here.

This is an open question of California law. Although other federal district courts have applied section 638.51 to internet browser trackers, *see, e.g. Riganian v. LiveRamp Holdings, Inc.,* 791 F. Supp. 3d 1075, (N.D. Cal. 2025); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), the Parties do not dispute that California's appellate courts have yet to rule on whether section 638.51 applies to internet tracking. *See Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Oct. 02, 2024) ("there are no controlling state law cases on this statute,"). Further, California trial courts are split on the question. *See, e.g. Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025) ("section 638.51 applies only to telephone-tracking technology, not IP address-collecting software used by a website,"); *Rodriguez,* 2024 WL 5184413 at *2 (denying demurrer partly on the basis that devices which record or decode "internet-based communications" may be pen registers under the statute).

When a federal court is required to apply state law and "there is no relevant precedent from the state's highest court, but… there *is* relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) (emphasis in original).

Therefore, resolution of this question by a California appellate court will provide critical guidance to the Court and may very well be dispositive of Plaintiff's sole claim in this case. Because the California Court of Appeals is likely to rule on this question in *Variety Media*, the Court finds that a stay in this proceeding would substantially simplify this case's central question of law, thereby serving the orderly course of justice and satisfying the third *Landis* factor.

While a district court's concern for the orderly course of justice, "standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024), the Court also finds that the first and second *Landis* factors weigh in favor of granting a stay in these proceedings.

This stay will not be indefinite and will not unfairly prejudice the Parties. The Parties do not dispute that the California Court of Appeals generally issues opinions within three months of oral argument. *See* Cal. Gov't Code § 68210. The California Court of Appeals has scheduled oral argument in *Variety Media* for August 25, 2026. Calendar Notice, *Variety Media,* No. B350578 (Cal. Ct. App. July 23, 2026). Therefore, the Court anticipates that the Court of Appeals will issue an opinion within the next four months. This modest stay will not unfairly prejudice Plaintiffs, satisfying the first *Landis* factor. *See Saunders v. Sunrun, Inc.*, No. 19-cv-04548-HSG, 2020 WL 4601636, at *6 (N.D. Cal. Aug. 11, 2020) (finding the delay from a stay pending a decision from the California Supreme Court after a grant of review was not "unfairly prejudicial" to litigants); *Ludlow v. Flowers Foods, Inc.*, No. 18-cv-01190-JLS-JLB, 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020) (finding that the wait from a stay pending the California

Supreme Court's answer to a certified question from the Ninth Circuit "would be neither indefinite nor unreasonable.").

Additionally, Defendant will likely be prejudiced if a stay is not granted. While "being required to defend a suit, without more, does not constitute [prejudice]," *Lockyer,* 398 F.3d at 1112, courts have observed that "conducting substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1062 (E.D. Cal. 2023). As discovery has not commenced in this case, both parties, including Defendant, will be saved substantial discovery and motions practice costs for the duration of the stay. This satisfies the second *Landis* factor.

**CONCLUSION**

Because a stay in these proceedings pending the California Court of Appeals' decision in the *Variety Media* appeal will serve the interests of efficiency, fairness, and promote the orderly course of justice with minimal harm to the Parties, IT IS HEREBY ORDERED that Defendant's motion to stay the proceedings (ECF No. 23) is GRANTED. Within seven (7) days of the California Court of Appeals rendering a decision in *Variety Media,* the Parties are ordered to file a joint status report informing the Court of the decision and suggesting appropriate procedural next steps.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Haviland26cv00582.mfs